UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CARVIN, JR. #248242,

        Plaintiff,                    CIVIL ACTION NO. 12-12363

        v.                        DISTRICT JUDGE STEPHEN J. MURPHY, III

HEIDI WASHINGTON, et al.,        MAGISTRATE JUDGE MARK A. RANDON

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 12)

**I.**      **BACKGROUND**

Plaintiff, an inmate in the Michigan Department of Corrections, filed a *pro se* §1983 Complaint alleging that he was sexually assaulted by a prisoner on October 28, 2011.  After he was assaulted, Plaintiff claims he notified Officer Broxholm, who notified Sergeant Kamin.  According to Plaintiff, Sergeant Kamin talked to the prisoner who sexually assaulted him, but three days later, he was assaulted again.  Plaintiff says he asked Inspector Shaver to investigate the matter to no avail, and Warden Washington "tried to make it seem like noting bad happened." (Dkt. No. 1 at 3).

This matter is before the Court on Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies.  (Dkt. No. 12).  On August 30, 2012, this Magistrate Judge ordered Plaintiff to respond to Defendants' motion by October 19, 2012.  (Dkt. No. 13).  Plaintiff failed to respond.

2:12-cv-12363-SJM-MAR   Doc # 14   Filed 11/30/12   Pg 2 of 5   Pg ID 73

For the following reasons, **IT IS RECOMMENDED** that Defendants' motion be

**GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

## II.    STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For an issue to

be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for

the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006).  For a

fact to be material, it must have the ability to "affect the outcome of the suit under governing

law." *Id.*  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

judgment.

The party moving for summary judgment has the burden of showing that no genuine issue

of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the

moving party does not bear the burden of proof at trial, the moving party may discharge its

burden by showing that there is an absence of evidence to support the non-moving party's case.

*Id.* at 325.  If the moving party can make such a showing, then the burden shifts to the

nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary.  *Id.*

at 324.  In meeting its burden, the non-moving party must offer specific facts that establish a

material dispute, not simply create "some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  In

deciding whether an issue of material fact exists, the Court must consider all facts and their

reasonable inferences in the light most favorable to the non-moving party.  The Court's function,

however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine

-2-

whether there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986).  If there are no issues that require a trial, then judgment as a matter of law is appropriate.

*Id.* at 251-52.

### III.    ANALYSIS

Under the Prisoner Litigation Reform Act ("PLRA"), an inmate cannot bring a civil rights

action challenging prison conditions until "such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court defines proper exhaustion as "using all

steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on

the merits)."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry,* 286 F.3d

1022, 1024 (7th Cir. 2002)) (emphasis in original).  "Proper exhaustion demands compliance

with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings."

*Woodford*, 548 U.S. at 90.  The Supreme Court also observed that "[t]he PLRA attempts to

eliminate unwarranted federal-court interference with the administration of prisons, and thus

seeks to 'afford corrections officials time and opportunity to address complaints internally before

allowing the initiation of a federal case.'"  *Id.* at 93 (quoting *Porter v. Nussle,* 534 U.S. 516, 525

(2002)).  Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full

use of the prison grievance process and accordingly provides prisons with a fair opportunity to

correct their own errors."  *Woodford*, 548 U.S. at 94.  Therefore, a prisoner who abandons the

administrative process or does not complete all steps of the grievance procedure has failed to

exhaust his administrative remedies.  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

MDOC Policy Directive 03.02.130(P) requires an inmate to file a Step I grievance within five business days after he attempted to resolve the issue with the appropriate staff. (Dkt. No. 12; Ex. 2 at 4). Plaintiff alleges he was sexually assaulted in October and November 2011, but he did not file a Step I grievance until February 22, 2012. (Dkt. No. 1; Ex. 1, Michigan Department of Corrections Prisoner/Parolee Grievance Form). Accordingly, Plaintiff did not properly exhaust his administrative remedies as required by the PLRA and the United States Supreme Court, and his claims should be dismissed. *See Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011) (affirming the district court's dismissal of plaintiff's claims because he did not file a grievance within the required time frame).

Further, Plaintiff's claims should be dismissed, because he did not complete all steps of the grievance procedure. Instead, Plaintiff abandoned the administrative process at Step I. *See Hartsfield*, 199 F.3d at 309.

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

      Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  November 30, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this
date, November 30, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*
